IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARA BATTERHAM,

      Plaintiff,                    No. CIV S-11-1118 GEB EFB PS

  vs.

MONO COUNTY LAW ENFORCEMENT; MONO COUNTY DISTRICT ATTORNEYS OFFICE; TOWN OF MAMMOTH LAKES; KYLE FLETCHER GRAHAM; GEORGE BOOTH; WADE MCCAMMOND; FRANK SMITH; DOUG HORNBECK; JEREMY IBRIHIM; and DOES I through X,

      Defendants.                  ORDER
_____/

      This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 26, 2011, plaintiff filed a complaint alleging numerous claims against the Town of Mammoth Lakes, Mono County Law Enforcement, the Mono County District Attorneys' Office, Mono County district attorney George Booth, Mono County deputy district attorneys Kyle Graham and Jeremy Ibrihim, and Mono County district attorney investigators Wade McCammond, Frank Smith, and Doug Hornbeck. Dckt. No. 1. Among other things, the complaint alleges that defendants violated plaintiff's due process and other civil rights, as well as

1  a variety of state law rights, by falsely arresting and imprisoning plaintiff for alleged
2  embezzlement from her former employer, searching plaintiff's residence and seizing her
3  belongings, and altering evidence regarding plaintiff's case. *Id.* The complaint also includes
4  numerous allegations regarding a variety of alleged misconduct by defendants. *Id.*
5       On December 22, 2011, defendants Doug Hornbeck and the Town of Mammoth Lakes
6  filed a motion to dismiss plaintiff's initial complaint pursuant to Federal Rule of Civil Procedure
7  ("Rule") 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).
8  Dckt. No. 12. Defendants noticed the motion for hearing on February 1, 2012. *Id.*
9       Then, on December 29, 2011, plaintiff filed an amended complaint against "Mono
10 County Law Enforcement, et al.," John Ball, Intuit Inc., and Leanne Jesperson, alleging
11 violations of her rights to a fair trial, due process, and equal protection of the laws, based on
12 conduct that allegedly occurred during plaintiff's jury trial in October and November 2011.
13 Dckt. No. 15. Plaintiff also continues to include allegations against previously named defendant
14 Doug Hornbeck. *Id.* at 2-3. However, the amended complaint does not include many of the
15 allegations stated in plaintiff's original complaint, nor does it allege any claims against many of
16 the defendants named therein. Although it is unclear whether plaintiff intended for her amended
17 complaint to supercede her original complaint or only to *supplement* it, because such
18 supplementation is impermissible and because amended complaints supersede earlier complaints
19 filed in an action, the court assumes plaintiff's amended complaint was intended to supercede her
20 original complaint.
21      Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course
22 within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading
23 is required, 21 days after service of a responsive pleading or 21 days after service of a motion
24 under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff's amended complaint was
25 filed within 21 days of the date defendants Doug Hornbeck and the Town of Mammoth Lakes
26 served their motion to dismiss. However, because it is unclear precisely when plaintiff's initial

1 complaint was served on all of the defendants, it is unclear whether the amended complaint was
2 filed within 21 days of the date the initial complaint was served.  Therefore, the court cannot
3 determine, based on the record currently before it, whether plaintiff was entitled to amend her
4 complaint "as a matter of course."

5      Nonetheless, even if plaintiff was not entitled to amend her complaint as a matter of
6 course, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only
7 with the opposing party's written consent or the court's leave.  The court should freely give
8 leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely granting leave to
9 amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d
10 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend under Rule 15(a),
11 a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of
12 amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).
13 According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing
14 party," and the burden of showing that prejudice is on the party opposing amendment.  *Howey v.*
15 *United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316
16 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.  Granting or denying leave to
17 amend rests in the sound discretion of the trial court, and will be reversed only for abuse of
18 discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

19      Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in
20 filing the amended complaint or that the amended complaint was filed in bad faith.  In fact, the
21 amended complaint was filed shortly after defendants Hornbeck and the Town of Mammoth
22 Lakes filed their motion to dismiss, and shortly after plaintiff's jury trial.  Further, the court
23 cannot say at this time that amendment would be futile.  Additionally, although defendants
24 Hornbeck and the Town of Mammoth Lakes have already filed a motion to dismiss the original
25 complaint, if plaintiff's amended complaint suffers from the same failures that defendants
26 contend the original complaint does, defendants can move to dismiss the amended complaint on

3

similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file her amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff's amended complaint, Dckt. No. 15, will be deemed the operative complaint.[1] *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss, Dckt. No. 12, will be denied as moot. Plaintiff's amended complaint supersedes the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, Dckt. No. 15, is deemed the operative complaint in this action.

2. Defendants' motion to dismiss, Dckt. No. 12, is denied as moot and the February 1, 2012 hearing thereon is vacated.

3. If plaintiff did not intend for her amended complaint to supercede her original complaint, on or before January 27, 2012, plaintiff shall file a motion for leave to further amend her complaint to include all of her allegations and all defendants. If plaintiff does not file such a motion, the court will issue an order directing service of process on only the defendants named in the first amended complaint and setting a deadline for already-served defendants to respond to the first amended complaint.[2]

---

[1] If plaintiff did not intend for her amended complaint to supercede her original complaint, and only intended instead that it *supplement* that complaint (which is not permissible), plaintiff shall file a motion for leave to further amend her complaint to include all of her allegations and all defendants.

[2] The order will also require that all defendants named in the original complaint but not named in the amended complaint be served with a copy of that order and the amended complaint, so that they are aware that they are no longer named as defendants in this action and need not file

4.  Defendants who have already been served with the first amended complaint need not file a response to that complaint until directed to do so by the court.

DATED: January 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

a response to plaintiff's complaint.