IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARA BATTERHAM,

    Plaintiff,                                         No. CIV S-11-1118 GEB EFB PS

    vs.

MONO COUNTY LAW ENFORCEMENT, et al.,

    Defendants.                                   ORDER

/

       This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 26, 2011, plaintiff filed a complaint alleging numerous claims against the Town of Mammoth Lakes, Mono County Law Enforcement, the Mono County District Attorneys' Office, Mono County district attorney George Booth, Mono County deputy district attorneys Kyle Graham and Jeremy Ibrihim, and Mono County district attorney investigators Wade McCammond, Frank Smith, and Doug Hornbeck. Dckt. No. 1. Among other things, the complaint alleged that defendants violated plaintiff's due process and other civil rights, as well as a variety of state law rights, by falsely arresting and imprisoning plaintiff for alleged embezzlement from her former employer, searching plaintiff's residence and seizing her belongings, and altering evidence regarding plaintiff's case. *Id.* The complaint also included

1

numerous allegations regarding a variety of alleged misconduct by defendants. *Id.*

Then, after defendants Doug Hornbeck and the Town of Mammoth Lakes filed a motion to dismiss plaintiff's initial complaint, on December 29, 2011, plaintiff filed an amended complaint against "Mono County Law Enforcement, et al.," John Ball, Intuit Inc., and Leanne Jesperson, alleging violations of her rights to a fair trial, due process, and equal protection of the laws, based on conduct that allegedly occurred during plaintiff's jury trial in October and November 2011. Dckt. No. 15. The amended complaint also continued to include allegations against previously named defendant Doug Hornbeck. *Id.* at 2-3. However, the amended complaint did not include many of the allegations stated in plaintiff's original complaint, nor did it allege any claims against many of the defendants named therein.

Nonetheless, on January 11, 2012, the undersigned issued an order stating that "[a]lthough it is unclear whether plaintiff intended for her amended complaint to supercede her original complaint or only to *supplement* it, because such supplementation is impermissible and because amended complaints supersede earlier complaints filed in an action, the court assumes plaintiff's amended complaint was intended to supercede her original complaint." [1] Dckt. No. 16 at 2. The order then found that plaintiff should be granted leave to amend; deemed plaintiff's first amended complaint, Dckt. No. 15, the operative complaint in this action; and denied defendants' motion to dismiss as moot. *Id.* at 4. However, out of an abundance of caution, the order also provided that "[i]f plaintiff did not intend for her amended complaint to supercede her original complaint, on or before January 27, 2012, plaintiff shall file a motion for leave to further amend her complaint to include all of her allegations and all defendants." *Id.* The order noted that "[i]f plaintiff does not file such a motion, the court will issue an order directing service of process on only the defendants named in the first amended complaint and setting a deadline for

---

[1] The order also stated: "If plaintiff did not intend for her amended complaint to supercede her original complaint, and only intended instead that it *supplement* that complaint (which is not permissible), plaintiff shall file a motion for leave to further amend her complaint to include all of her allegations and all defendants." Dckt. No. 16 at 4, n.1.

2

already-served defendants to respond to the first amended complaint." *Id.* at 5. Finally, the order provided that defendants who have already been served with the first amended complaint need not file a response to that complaint until directed to do so by the court.

The January 27, 2012 deadline has passed and the court docket reflects that plaintiff has not filed a motion for leave to further amend her complaint. Therefore, as provided in the January 11, 2012 order, the undersigned will direct service of process on only the defendants named in the caption and/or the allegations in the first amended complaint: Mono County Law Enforcement, Judge John T. Ball, Intuit Inc., Leanne Jesperson, Doug Hornbeck, and the Mono County District Attorney's Office.

However, before directing service of process, because plaintiff is proceeding *in forma pauperis*, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In her first amended complaint, plaintiff alleges that "Mono county law enforcement engaged in numerous civil rights violations including denying plaintiff the right to a fair trial,

due process, and equal protection of the laws." Dckt. No. 15 at 1. She claims that her criminal jury trial in October and November 2011 was an "ambush," and that she was denied counsel, denied her right to confront witnesses, and denied her right to equal protection and due process. *Id.* at 1, 2. Specifically, she contends that (1) Officer Hornbeck tampered with witness statements, witnesses, and jurors, *id.* at 2; (2) witness Leanne Jesperson conspired with Hornbeck and the prosecution, committed perjury, and dissuaded other potential witnesses from attending trial, *id.* at 3; (3) Hornbeck and the prosecution illegally tapped plaintiff's phone and computer during trial, *id.* at 3; (4) the judge engaged in numerous fair trial and equal protection violations and is not immune because he is not a properly elected official, *id.* at 3; (5) her former attorney, Christian Zeaman, testified against her and revealed confidential communications, *id.* at 3; and (6) the charges against her violated her due process and equal protection rights, *id.* at 3. She seeks immediate release from custody and wants the court to direct the Department of Justice to oversee all cases prosecuted by the Mono County district attorney's office. *Id.* at 3-4.

It thus appears that plaintiff really seeks to challenge the fairness of her trial and the validity of her conviction. Therefore, the complaint is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes federal courts from entertaining collateral challenges to state criminal convictions absent the conviction being called into question. In order to bring a civil rights claim alleging an unconstitutional criminal conviction or sentence, a plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck,* 512 U.S. at 486-87. Plaintiff's failure to do so in the instant case precludes her from collaterally challenging her state court conviction in federal court. *Id.*

Moreover, under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S.

4

413, 415 (1923). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id.* at 900 n.4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13. The doctrine applies to attacks of criminal judgments as well as civil ones. *Roberts v. Los Angeles City Fire Dep't*, 86 F. Supp.2d 990, 994 (C.D. Cal. 2000); *see also Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (applying *Rooker-Feldman* doctrine where state court judgment was a criminal conviction). Accordingly, to the extent plaintiff's complaint claims that her conviction was unlawful and to the extent that plaintiff requests that this court reverse her conviction, such a claim is dismissed.

Moreover, many of the parties plaintiff names in her first amended complaint are improper defendants and/or are immune from liability. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless those actions are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502

5

U.S. 9, 11-12 (1991). This immunity bars plaintiff from proceeding against Judge Ball in this § 1983 action. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that judicial immunity is applicable to § 1983 actions). Additionally, prosecutors are absolutely immune from suit for actions taken by them in performing the traditional functions of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). As such, plaintiff cannot proceed against the prosecutors for any perceived injustices relating to her prosecution. Finally, to state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff fails to allege that some of the defendants named in the first amended complaint are state actors or were otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

Therefore, plaintiff's complaint will be dismissed. However, plaintiff will be granted leave to file a second amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file a second amended complaint, the second amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the

original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, her first amended complaint no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 41.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

4. The status (pretrial scheduling) conference currently set for hearing on February 22, 2012 is vacated.

5. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

6. The U.S. Marshal is directed to serve a copy of this order on any of the defendants that the U.S. Marshal served with the original complaint (except defendants Doug Hornbeck and the Town of Mammoth Lakes, who have appeared in this action and will therefore receive a copy of this order electronically), at the addresses where those individuals or entities were served, so that those individuals and entities are aware that they need not respond to plaintiff's original or

1  first amended complaints.  Any individuals and/or entities not yet served with the initial
2  complaint need not be served with that complaint or with this order.
3  DATED:  February 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE