IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARA BATTERHAM,

     Plaintiff,                              No. CIV S-11-1118 GEB EFB PS

     vs.

MONO COUNTY LAW ENFORCEMENT, et al.,

ORDER

     Defendants.

_____/

     This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants Doug Hornbeck and the Town of Mammoth Lakes, and defendant Mono County Sheriff's Department[1], move to dismiss plaintiff's second amended complaint. Dckt. Nos. 20, 21. On April 30, 2012, because the court determined that oral argument on the motions would not be of material assistance to the court, the motions were submitted without oral argument and the May 2, 2012 hearings thereon were vacated. Dckt. No. 24; *see also* E.D. Cal. L.R. 230(g). On May 1, 2012, a motion to continue the hearings and what appears to be

---

[1] Although plaintiff's second amended complaint names "Mono County Law Enforcement" as a defendant, there is no entity, agency or department named "Mono County Law Enforcement." Therefore, the motion to dismiss is brought by the Mono County Sheriff's Department. Dckt. No. 21-1 at 1, n.1.

1

both an opposition to the motions and a request for additional time to file a further opposition, which plaintiff filed on April 27, 2012, appeared on the docket.  Dckt. No. 25 (asking the court to reschedule the May 2, 2012 hearing because plaintiff is in custody; stating that she just received the transcripts from her criminal trial on April 24, 2012 and would be "support[ing] her . . . Civil Rights petition with exhibits verifying facts shortly"; and requesting that the court issue and send plaintiff ten subpoenas so she can gather more evidence).

Plaintiff's April 27 filing is untimely in several respects.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by April 18, 2012.  E.D. Cal. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").  Local Rule 230(f) provides that "[r]equests for continuances of hearings on the motion calendar, upon stipulation or otherwise, shall be made to the Judge or Magistrate Judge on whose calendar the matter is set, at least seven (7) days before the scheduled hearing date," or in this instance, by April 25, 2012.  E.D. Cal. L.R. 230(f); *see also* E.D. Cal. L.R. 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction).

Nonetheless, plaintiff will be given an opportunity to file a further opposition to the pending motions to dismiss, and if plaintiff elects not to file a revised opposition, plaintiff's April 27, 2012 opposition, Dckt. No. 25, will be considered by the court.  Defendants will be given an opportunity to respond to either plaintiff's April 27 opposition or to any revised opposition plaintiff elects to file.  However, because the court still opines that oral argument would not be of material assistance, once the deadline for filing reply briefs has expired, the matter will stand submitted without oral argument.  Therefore, plaintiff's motion to continue the hearings will be denied as moot.

Finally, plaintiff's April 27, 2012 filing requests that the court issue and send her ten subpoenas. Dckt. No. 25 at 2. Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3). Therefore, the clerk will be directed to issue and send plaintiff ten blank subpoenas, as requested. However, plaintiff is reminded that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). This order does not amount to an order permitting early discovery; therefore, plaintiff may not serve any subpoenas unless the parties have conferred as required by Rule 26(f) or unless plaintiff has obtained a stipulation from defendants to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has until May 23, 2012 to file a revised opposition to the pending motions to dismiss.

2. If plaintiff does not file a revised opposition to the pending motions to dismiss, plaintiff's April 27, 2012 opposition, Dckt. No. 25, will be deemed the operative opposition and will be considered by the court.

3. On or before May 30, 2012, defendants may file a reply to plaintiff's revised opposition, or if no revised opposition is filed by May 23, 2012, defendants may file a reply to plaintiff's April 27, 2012 opposition.

4. As of May 31, 2012, the motions to dismiss will stand submitted without oral argument.

5. Plaintiff's request to continue the hearings on the pending motions to dismiss, Dckt. No. 25, is denied as moot.

////

////

////

1       6.  The Clerk of Court is directed to issue and send plaintiff ten blank subpoenas, as
2  requested.
3  DATED:  May 2, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4