1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SARA BATTERHAM,

11           Plaintiff,                     No. 2:11-cv-1118 GEB EFB PS

12       vs.

13   MONO COUNTY LAW
     ENFORCEMENT, et al.,
14                                   FINDINGS AND RECOMMENDATIONS
             Defendants.
15   _____/

16       This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the

17   undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C.

18   § 636(b)(1).  Defendants Doug Hornbeck and the Town of Mammoth Lakes, and defendant

19   Mono County Sheriff's Department[1], move to dismiss plaintiff's second amended complaint.

20   Dckt. Nos. 20, 21.  For the reasons stated herein, the court recommends that both motions be

21   granted and that the remainder of plaintiff's second amended complaint be dismissed without

22   leave to amend pursuant to 28 U.S.C. § 1915.

23   ////

24   _____

25       [1] Although plaintiff's second amended complaint names "Mono County Law
     Enforcement" as a defendant, there is no entity, agency or department named "Mono County
     Law Enforcement."  Therefore, the motion to dismiss is brought by the Mono County Sheriff's
26   Department.  Dckt. No. 21-1 at 1, n.1.

1

I.      BACKGROUND

On April 26, 2011, plaintiff filed a complaint alleging numerous claims against the Town of Mammoth Lakes, Mono County Law Enforcement, the Mono County District Attorneys' Office, Mono County district attorney George Booth, Mono County deputy district attorneys Kyle Graham and Jeremy Ibrihim, and Mono County district attorney investigators Wade McCammond, Frank Smith, and Doug Hornbeck.  Dckt. No. 1.  Among other things, the complaint alleged that defendants violated plaintiff's due process and other civil rights, as well as a variety of state law rights, by falsely arresting and imprisoning plaintiff for alleged embezzlement from her former employer, searching plaintiff's residence and seizing her belongings, and altering evidence regarding plaintiff's case.  *Id.*  The complaint also included numerous allegations regarding a variety of alleged misconduct by defendants.  *Id.*

Then, after defendants Doug Hornbeck and the Town of Mammoth Lakes filed a motion to dismiss plaintiff's initial complaint, on December 29, 2011, plaintiff filed an amended complaint against "Mono County Law Enforcement, et al.," John Ball, Intuit Inc., and Leanne Jesperson, alleging violations of her rights to a fair trial, due process, and equal protection of the laws, based on conduct that allegedly occurred during plaintiff's jury trial in October and November 2011.  Dckt. No. 15.  The amended complaint also continued to include allegations against previously named defendant Doug Hornbeck.  *Id.* at 2-3.[2]  However, the amended complaint did not include many of the allegations stated in plaintiff's original complaint, nor did it allege any claims against many of the defendants named therein.

Nonetheless, on January 11, 2012, the undersigned issued an order stating that "[a]lthough it is unclear whether plaintiff intended for her amended complaint to supercede her original complaint or only to *supplement* it, because such supplementation is impermissible and because amended complaints supersede earlier complaints filed in an action, the court assumes

---

[2] For ease of reference, all page numbers cited herein refer to the page numbers assigned by the court's Case Management and Electronic Case Filing ("CM/ECF") system.

2

Case 2:11-cv-01118-GEB-EFB   Document 33   Filed 06/19/12   Page 3 of 13

plaintiff's amended complaint was intended to supercede her original complaint." [3] Dckt. No. 16

at 2.  The order then found that plaintiff should be granted leave to amend; deemed plaintiff's

first amended complaint, Dckt. No. 15, the operative complaint in this action; and denied

defendants' motion to dismiss as moot.  *Id.* at 4.  However, out of an abundance of caution, the

order also provided that "[i]f plaintiff did not intend for her amended complaint to supercede her

original complaint, on or before January 27, 2012, plaintiff shall file a motion for leave to further

amend her complaint to include all of her allegations and all defendants."  *Id.*  The order noted

that "[i]f plaintiff does not file such a motion, the court will issue an order directing service of

process on only the defendants named in the first amended complaint and setting a deadline for

already-served defendants to respond to the first amended complaint."  *Id.* at 5.  Finally, the

order provided that defendants who have already been served with the first amended complaint

need not file a response to that complaint until directed to do so by the court.

        Plaintiff did not file a motion for leave to further amend her complaint.  Therefore, on

February 8, 2012, the court issued an order indicating that, as provided in the January 11, 2012

order, the court would direct service of process on only the defendants named in the caption

and/or the allegations in the first amended complaint:  Mono County Law Enforcement, Judge

John T. Ball, Intuit Inc., Leanne Jesperson, Doug Hornbeck, and the Mono County District

Attorney's Office.  Dckt. No. 18.

        The order then went on to dismiss the entire first amended complaint pursuant to 28

U.S.C. § 1915(e)(2).  The order noted that in plaintiff's first amended complaint, she alleged that

"Mono county law enforcement engaged in numerous civil rights violations including denying

plaintiff the right to a fair trial, due process, and equal protection of the laws."  Dckt. No. 15 at 1.

////

---

[3] The order also stated: "If plaintiff did not intend for her amended complaint to supercede her original complaint, and only intended instead that it *supplement* that complaint (which is not permissible), plaintiff shall file a motion for leave to further amend her complaint to include all of her allegations and all defendants." Dckt. No. 16 at 4, n.1.

1    She claimed that her criminal jury trial in October and November 2011 was an "ambush," and

2    that she was denied counsel, denied her right to confront witnesses, and denied her right to equal

3    protection and due process.  *Id.* at 1, 2.  Specifically, she contended that (1) Officer Hornbeck

4    tampered with witness statements, witnesses, and jurors, *id.* at 2; (2) witness Leanne Jesperson

5    conspired with Hornbeck and the prosecution, committed perjury, and dissuaded other potential

6    witnesses from attending trial, *id.* at 3; (3) Hornbeck and the prosecution illegally tapped

7    plaintiff's phone and computer during trial, *id.* at 3; (4) the judge engaged in numerous fair trial

8    and equal protection violations and is not immune because he is not a properly elected official,

9    *id.* at 3; (5) her former attorney, Christian Zeaman, testified against her and revealed confidential

10   communications, *id.* at 3; and (6) the charges against her violated her due process and equal

11   protection rights, *id.* at 3.  She sought immediate release from custody and wanted the court to

12   direct the Department of Justice to oversee all cases prosecuted by the Mono County district

13   attorney's office.  *Id.* at 3-4.

14          The February 8 order then stated that because it appeared that plaintiff really sought to

15   challenge the fairness of her trial and the validity of her conviction, the first amended complaint

16   was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes federal courts from

17   entertaining collateral challenges to state criminal convictions absent the conviction being called

18   into question.  Dckt. No. 18 at 4.  The order also provided that "to the extent plaintiff's

19   complaint claims that her conviction was unlawful and to the extent that plaintiff requests that

20   this court reverse her conviction, such a claim is dismissed" under the *Rooker-Feldman* doctrine,

21   which provides that a federal district court does not have subject-matter jurisdiction to hear an

22   appeal from the judgment of a state court.  *Id.* at 4-5 (citing *Exxon Mobil Corp. v. Saudi Basic

23   Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v.

24   Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)).

25   Finally, the order noted that "many of the parties plaintiff names in her first amended complaint

26   are improper defendants and/or are immune from liability" and that plaintiff also failed "to allege

4

that some of the defendants named in the first amended complaint are state actors or were

otherwise acting under color of law." *Id.* at 5-6. Therefore, plaintiff's entire first amended

complaint was dismissed with leave to amend. Plaintiff was granted leave to amend only if she

could "allege a cognizable legal theory against a proper defendant and sufficient facts in support

of that cognizable legal theory." *Id.* at 6.

On March 12, 2012, plaintiff filed a 66-page second amended complaint. Dckt. No. 19.

The second amended complaint consists of plaintiff's original complaint, plaintiff's first

amended complaint, excerpts from a petition for a writ of habeas corpus allegedly filed in the

California Supreme Court, and multiple pages of handwritten and largely illegible argument. *Id.*

It identifies in the caption all nine defendants named in the original complaint ("Mono County

Law Enforcement," Mono County District Attorney's Office, Town of Mammoth Lakes, Kyle

Fletcher Graham, George Booth, Wade McCammond, Frank Smith, Doug Hornbeck, and Jeremy

Ibrahim), two of the additional defendants named in the first amended complaint (Leanne

Jesperson and Judge John T. Ball), as well as six new defendants (Innovative Merchant

Solutions, Christian Zeaman, Oklahoma Bar Association, Surat Singh, Khalsa Resorts, and

Officer Brown). *Id.*

Defendants Doug Hornbeck and the Town of Mammoth Lakes, and defendant

Mono County Sheriff's Department, then filed motions to dismiss the second amended

complaint. Dckt. Nos. 20, 21. On April 30, 2012, because the court determined that oral

argument on the motions would not be of material assistance to the court, the motions were

submitted without oral argument and the May 2, 2012 hearings thereon were vacated. Dckt. No.

24; *see also* E.D. Cal. L.R. 230(g). On May 1, 2012, a motion to continue the hearings and what

appeared to be both an opposition to the motions and a request for additional time to file a

further opposition, which plaintiff filed on April 27, 2012, appeared on the docket. Dckt. No. 25

(asking the court to reschedule the May 2, 2012 hearing because plaintiff is in custody; stating

that she just received the transcripts from her criminal trial on April 24, 2012 and would be

5

1   "support[ing] her . . . Civil Rights petition with exhibits verifying facts shortly"; and requesting

2   that the court issue and send plaintiff ten subpoenas so she can gather more evidence).

3       Although the April 27 filing was untimely in several respects, on May 2, 2012, the

4   undersigned issued an order giving plaintiff an opportunity to file a further opposition to the

5   pending motions to dismiss, and stating that if plaintiff elects not to file a revised opposition,

6   plaintiff's April 27, 2012 opposition, Dckt. No. 25, would be considered by the court. *Id.* at 3.

7   Plaintiff did not file a revised opposition within the time prescribed; therefore, the court will

8   consider the opposition she filed on April 27, 2012.[4]

9   II.   MOTIONS TO DISMISS

10      A.   Legal Standards Under Rule 12(b)(1)

11      "Federal courts are courts of limited jurisdiction. They possess only that power

12  authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

13  U.S. 375, 377, (1994) (internal citations omitted).  Rule 12(b)(1) allows a party to seek dismissal

14  of an action where federal subject matter jurisdiction is lacking.  "When subject matter

15  jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden

16  of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*,

17  236 F.3d 495, 499 (9th Cir.2001).

18      A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or

19  by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139

20  (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual

21  challenge, the court may consider evidence demonstrating or refuting the existence of

22  jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir.

23  2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations,

24  _____

25      [4] The court also considered plaintiff's April 30, 2012 filing, which was apparently filed
    before the court issued its May 2 order, even though the undersigned did not learn about it until
26  it appeared on the docket on May 3, 2012.  Dckt. No. 27.

6

1    and the existence of disputed material facts will not preclude the trial court from evaluating for

2    itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173,

3    1177 (9th Cir. 1987)).

4         B.    <u>Legal Standards Under Rule 12(b)(6)</u>

5         To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

6    must contain more than a "formulaic recitation of the elements of a cause of action"; it must

7    contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

8    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

9    . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

10   action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

11   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

12   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. ---, 129 S. Ct.

13   1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when

14   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

15   defendant is liable for the misconduct alleged." *Id.*

16        In considering a motion to dismiss, the court must accept as true the allegations of the

17   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

18   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

19   in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

20   (1969).  The court will "'presume that general allegations embrace those specific facts that are

21   necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

22   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

23        The court may consider facts established by exhibits attached to the complaint. *Durning*

24   *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

25   which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

26   public record, including pleadings, orders, and other papers filed with the court. *Mack v. South*

7

1   *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

2          C.      <u>Pro Se Standards</u>

3          The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less

4   stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21

5   (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to

6   notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d

7   1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However,

8   although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

9   F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

10  of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of*

11  *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).  Furthermore, "[t]he court is not

12  required to accept legal conclusions cast in the form of factual allegations if those conclusions

13  cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network,* 18 F.3d

14  752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

15  unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

16         D.      <u>Hornbeck and the Town of Mammoth Lakes' Motion to Dismiss</u>

17         Defendants Doug Hornbeck and the Town of Mammoth Lakes move to dismiss

18  plaintiff's second amended complaint under Federal Rules of Civil Procedure 12(b)(1) and

19  12(b)(6), arguing that (1) plaintiff's § 1983 claim fails as a matter of law as there are insufficient

20  facts pled to support such a claim; (2) plaintiff's claims are precluded as there was a criminal

21  trial and conviction involving the same primary right which plaintiff is attempting to re-litigate

22  in the present action; (3) plaintiff's claims fail as they are frivolous and should be dismissed

23  under 28 U.S.C. § 1915; (4) plaintiff's state-based tort claims fail as a matter of law as plaintiff

24  failed to allege compliance with the Tort Claims Act and, hence, failed to exhaust her

25  administrative remedies; and (5) plaintiff's state-based tort claims fail as a matter of law as the

26  moving defendants are immune from liability and there are insufficient facts pled to support such

8

1   claims.  Dckt. No. 20 at 2, 11-21.  Hornbeck and the Town of Mammoth Lakes also move to

2   dismiss plaintiff's complaint for failure to comply with Rule 8, which requires a short and plain

3   statement and which requires each allegation to be simple, concise, and direct.[5]  *Id.* at 23-24.

4        E.    Mono County Sheriff's Department's Motion to Dismiss

5        The Mono County Sheriff's Department moves to dismiss plaintiff's second amended

6   complaint under Rules 12(b)(1) and 12(b)(6), arguing that (1) the second amended complaint

7   fails to comply with the February 8 order; (2) plaintiff's claims are barred by *Heck v. Humphrey*,

8   and the *Rooker-Feldman* doctrine; (3) the complaint fails to comply with Rule 8(a) because it

9   does not state a viable federal claim for relief; and (4) the complaint does not allege a viable state

10  claim.[6]  Dckt. No. 21-1 at 4-9.

11       F.    Discussion

12       As a threshold matter, plaintiff's second amended complaint, which consists of plaintiff's

13  original complaint, plaintiff's first amended complaint, excerpts from a petition for a writ of

14  habeas corpus allegedly filed in the California Supreme Court, and multiple pages of handwritten

15  and largely illegible argument, violates Rule 8(a) and this court's previous orders.  Rule 8(a)

16  provides that a pleading must contain "a short and plain statement of the grounds for the court's

17  jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to

18  relief."  Fed. R. Civ. P. 8(a)(1), (2).  Further, Rule 8(d) provides that "[e]ach allegation must be

19  simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Additionally, this court's February 8, 2012

20  order specifically provided that "[s]hould plaintiff choose to file a second amended complaint,

21  the second amended complaint shall clearly set forth the allegations against each defendant and

22

23       [5] Defendants Doug Hornbeck and the Town of Mammoth Lakes also move for a more
    definite statement under Rule 12(e).  However, because the motion to dismiss should be granted,
24  that motion need not be addressed.

25       [6] The Mono County Sheriff's Department also moves to strike the complaint under Rule
    12(f) or for a more definite statement under Rule 12(e).  However, because the motion to dismiss
26  should be granted, those motions need not be addressed.

1   shall specify a basis for this court's subject matter jurisdiction." Dckt. No. 18 at 6.  The second

2   amended complaint does not comply with any of those requirements and could be dismissed on

3   those bases alone.  However, there are several other grounds on which dismissal is required.

4          As with her first amended complaint, the majority of the claims in plaintiff's second

5   amended complaint seek to challenge the fairness of her trial and the validity of her conviction.

6   *See generally* Dckt. No. 19; *see also* Dckt. No. 25.  As noted in the February 8, 2012 order, any

7   such claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes federal

8   courts from entertaining collateral challenges to state criminal convictions absent the conviction

9   being called into question.  In order to bring a civil rights claim alleging an unconstitutional

10  criminal conviction or sentence, a plaintiff must first show that the underlying conviction was

11  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or

12  questioned by the grant of a writ of habeas corpus.  *Heck,* 512 U.S. at 486-87.  Plaintiff cannot

13  make such a showing.  She concedes that her conviction has not been appealed or reversed, and

14  that her petition for writ of habeas corpus was denied.  Dckt. No. 19 at 2.  Therefore, plaintiff

15  cannot collaterally challenging her state court conviction in federal court.  *Heck,* 512 U.S. at

16  486-87.

17         Moreover, although *Rooker-Feldman* does not deprive this court of jurisdiction since

18  plaintiff filed this action before the state court judgment was rendered, principles of comity and

19  abstention require dismissal.  *See Exxon Mobil Corp.*, 544 U.S. at 292.  *Younger v. Harris* held

20  that federal courts should not enjoin pending state criminal proceedings except under

21  extraordinary circumstances.  401 U.S. 37, 49, 53 (1971).  Thus, federal courts should refrain

22  from exercising jurisdiction in actions for injunctive, declaratory, or monetary relief that would

23  interfere with pending state judicial proceedings.  *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th

24  Cir. 2004) (en banc) (indicating that abstention is required even when damages are sought, when

25  the federal court damages award "would frustrate the state's interest in administering its judicial

26  system, cast a negative light on the state court's ability to enforce constitutional principles, and

put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law.").  In the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  "Whether it is labeled 'comity,' 'federalism,' or some other term, the policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments."  *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).

Here, the state proceedings have been ongoing throughout this action and plaintiff has challenged those proceedings in each of her complaints.  *See Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("The critical question is not whether the state proceedings are still 'ongoing' but whether the state proceedings were underway before initiation of the federal proceedings."); *Haw. Housing Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (*Younger* abstention is required if the state proceedings were initiated "before any proceedings of substance on the merits have taken place in federal court."); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607–611, 95 (1975) (state court proceedings are "pending" even after a judgment has been rendered if the time for appeal has not expired).  Additionally, the state has a vital interest in enforcing its criminal laws and in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory."  *Pennzoil Co. v. Texaco, Inc*, 481 U.S. 1, 14, fn. 12 (1987) (federal court should have abstained from adjudicating challenges to contempt proceedings pending in state court); *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1150 (9th Cir. 2007) (state's interest in enforcing its judgments generally is "important).  Finally, plaintiff had an opportunity to raise her federal claims in the state court proceedings.  *Pennzoil Co.*, 481 U.S. at 15 (state court proceedings are presumed adequate to raise the federal claim "in the absence of unambiguous authority to the contrary."); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("[Federal plaintiffs] need be accorded only an opportunity to fairly pursue their constitutional

1    claims in the ongoing state proceedings . . .  their failure to avail themselves of such

2    opportunities does not mean that the state procedures were inadequate.").  For these reasons,

3    *Younger* abstention is proper here.[7]  Because plaintiff seeks injunctive relief, including

4    immediate release from custody and Department of Justice oversight of all cases prosecuted by

5    the Mono County district attorney's office, and because consideration of plaintiff's claims herein

6    would interfere with the state proceedings, dismissal of this entire action is proper.[8]  *Gibson v.*

7    *Berryhill*, 411 U.S. 564, 577 (1973); *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

8    Accordingly, both of the pending motions to dismiss should be granted.

9    III.   SCREENING UNDER 28 U.S.C. § 1915(e)(2)

10            As noted in the February 8, 2012 order regarding plaintiffs *in forma pauperis* status,

11   before directing service of process the court must determine whether the action is frivolous or

12   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

13   an immune defendant.  *See* 28 U.S.C. § 1915(e)(2).  For the reasons discussed above, this entire

14   action must be dismissed under § 1915(e)(2).  *See also* Dckt. No. 18 at 5-6 (noting that many of

15   the parties plaintiff purports to sue are improper defendants and/or are immune from liability).

16   Because plaintiff has already been given two opportunities to amend her complaint and because

17   it appears that further leave to amend would be futile, further leave to amend is not appropriate.

18   *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a

19

20            [7] Abstention is proper, even over the pre-trial conduct plaintiff complains about (witness
     tampering, unlawful search and seizure, false arrest, withholding exculpatory evidence, etc.)
21   because those claims could have been raised in the state court proceedings, and consideration of
     those claims would interfere with the state proceedings.  Additionally, although plaintiff's
22   second amended complaint vaguely alleges that she has been "held illegally" in "isolation"
     without "privileges" afforded other inmates, Dckt. No. 19 at 54, this court will not consider
23   claims regarding the validity of the conviction, and any claims about the conditions of plaintiff's
     confinement are not properly alleged against any of the named defendants.

24            [8] Moreover, once the state court judgment against plaintiff is final, if it is not already,
     plaintiff's claims in this action will likely be barred by res judicata.  *See Palomar Mobilehome*
25   *Park Ass'n v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir. 1993) (All grounds for recovery
     must be presented to the state court; its final judgment on the merits will bar relitigation of state
26   or federal claims that were litigated or could have been litigated in the state court proceeding.).

pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

IV.    <u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants Hornbeck and the Town of Mammoth Lakes' motion to dismiss, Dckt. No. 20, be granted;

2.  Defendant Mono County Sheriff's Department's motion to dismiss, Dckt. No. 21, be granted;

3.  Plaintiff's second amended complaint be dismissed without leave to amend, as provided herein; and

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

13