IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARA BATTERHAM,

     Plaintiff,                          No. 2:11-cv-1118-GEB-EFB PS

     vs.

MONO COUNTY LAW
ENFORCEMENT, et al.,
                                     ORDER
     Defendants.
_____/

     This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 19, 2012, the undersigned issued findings and recommendations, recommending that the two pending motions to dismiss, Dckt. Nos. 20 and 21, be granted, that plaintiff's second amended complaint be dismissed without leave to amend, and that the Clerk be directed to close this case. Dckt. No. 33. Those findings and recommendations are currently pending before the assigned district judge.

     However, on July 6, 2012, attorney Scott Grossberg filed a declaration indicating that defendant the Town of Mammoth Lakes filed a Voluntary Petition for Bankruptcy under Chapter 9 on July 3, 2012, and that as a result, this entire action is stayed. Dckt. No. 35. Attached to the declaration is a copy of the bankruptcy petition. *Id.* at 4-6.

1    Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as a stay of
2 this action against the Town of Mammoth Lakes. *See* 11 U.S.C. § 901(a).  However, although
3 Mr. Grossberg's declaration states that the entire action is stayed, it appears that this action is
4 only stayed against the Town of Mammoth Lakes.  *See Ingersoll–Rand Financial Corp. v. Miller*
5 *Mining Co. Inc*., 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances,
6 stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt
7 co-defendants."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a
8 single case are not lumped together for purposes of automatic stay analysis.  Even if the first
9 claim filed in a case was originally brought against the debtor, section 362 does not necessarily
10 stay all other claims in the case. Within a single case, some actions may be stayed, others not.
11 Multiple claim and multiple party litigation must be disaggregated so that particular claims,
12 counterclaims, cross claims and third-party claims are treated independently when determining
13 which of their respective proceedings are subject to the bankruptcy stay.") (quoting *Maritime*
14 *Elec. Co. v.. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1995)); *but see Zurich Ame.*
15 *Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959, at *2-3 (E.D. Cal. Dec. 16, 2011)
16 (explaining the "unusual circumstances" exception and ultimately staying the action as to non-
17 bankrupt co-defendants pursuant to the court's inherent authority); *Mediterranean Enters., Inc.*
18 *v. Ssangyong Corp*., 708 F.2d 1458, 1465 (9th Cir. 1983) (A "trial court may, with propriety,
19 find it is efficient for its own docket and the fairest course for the parties to enter a stay of an
20 action before it, pending resolution of independent proceedings which bear upon the case.").
21    Accordingly, IT IS HEREBY ORDERED that:
22    1. By operation of the automatic stay, 11 U.S.C. § 362, this action is stayed as to the
23 Town of Mammoth Lakes pending resolution of the Town of Mammoth Lakes' bankruptcy
24 petition, case number 2012-32463, filed July 3, 2012, in the United States Bankruptcy Court for
25 the Eastern District of California.
26 ////

2. The parties shall notify the court within fourteen days of the resolution of the bankruptcy proceedings.

3. Upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay, the court shall resume consideration of the pending findings and recommendations as they relate to the Town of Mammoth Lakes.

4. If any party opines that the remainder of this action and/or the action against one or more of the other defendants is or should be stayed pending resolution of the Town of Mammoth Lakes' bankruptcy petition, that party shall so indicate in writing on or before August 10, 2012.

SO ORDERED.

DATED: July 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE